IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CONTINENTAL MOTORS, INC., n/k/a CONTINENTAL AEROSPACE TECHNOLOGIES, a/k/a TECHNIFY MOTORS, a Delaware Corporation; TECHNIFY MOTORS, INC.; and TECHNIFY MOTORS GmbH, a foreign corporation, | § § § § § § § § § | No. 17, 2022<br><br>Court Below—Superior Court of the State of Delaware<br><br>C.A. No. K19C-12-028 |
| Defendants Below, Appellants, | § § § | |
| v. | § § | |
| JOSIANE SOUZA DA SILVA SOARES, individually and as the Personal Representative of the Estate of ANTONIO PEREIA SOARES, deceased, | § § § § § § § | |
| Plaintiff Below, Appellee. | § § § | |

Submitted: January 18, 2022
Decided: February 2, 2022

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## **ORDER**

After careful consideration of the notice of interlocutory appeal, the supplemental notice of interlocutory appeal, and the exhibits, it appears to the Court that:

(1) Defendants below-Appellants, Continental Motors, Inc. ("Continental") and Continental Aerospace Technologies GmbH ("GmbH"),[1] have petitioned this Court, pursuant to Supreme Court Rule 42, to accept an interlocutory appeal from the Superior Court's opinion and order denying their motion to dismiss.[2]

(2) This action arises from the crash of an aircraft in Turks and Caicos Islands ("TCI") on December 23, 2017.[3] The aircraft was built in Kansas.[4] The aircraft engine, which was manufactured and tested by GmbH in Germany, was installed in the aircraft at Continental's Alabama facility.[5] A Brazilian company bought the aircraft, and hired a Brazilian pilot to fly the aircraft from Kansas to Brazil.[6] Plaintiff below-Appellee Josiane Souza Da Silva Soares's husband, a Brazilian citizen and employee of the Brazilian company, accompanied the pilot on the flight.[7] During the course of the flight, the aircraft had to make ten planned stopovers to refuel.[8] Shortly after takeoff from a planned refueling stop in TCI, the aircraft engine failed and lost power.[9] A possible cause of the failure was engine

---

[1] According to the notice of interlocutory appeal, GmbH was formerly known as Technify Motors GmbH – the name listed in the first amended complaint. There was also a third defendant, Technify Motors (USA), Inc., that merged with Continental in 2018 and was dissolved.

[2] *Soares v. Cont'l Motors, Inc.*, 2021 WL 6015701 (Del. Super. Ct. Dec. 17, 2021).

[3] *Id.* at *2.

[4] *Id.*

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.*

hose failure and/or detachment.[10]  Plaintiff's husband and the pilot died in the crash.[11]

(3)  Plaintiff filed a products liability action against Defendants on December 20, 2019.[12]  Defendants moved to dismiss the complaint, arguing that the cause of action arose in TCI under Delaware's choice-of-law rules and was barred by TCI's one-year statute of limitations.[13]  Plaintiff contended that the cause of action did not arise in TCI because TCI was a fortuitous location of injury.[14]

(4)  On December 17, 2021, the Superior Court denied the motion to dismiss.  Based on the complaint, the court found that the location of the crash was fortuitous and that TCI did not have the most significant relationship with the occurrence and the parties. [15]  The court deferred determination of which jurisdiction had the most significant relationship for a future time when the record was sufficiently developed.[16]

(5)  On December 27, 2021, Defendants filed a timely application for certification of an interlocutory appeal.  Plaintiff opposed the application.  On January 18, 2022, the Superior Court denied the application for certification.[17]

---

[10] *Id.*
[11] *Id.*
[12] *Id.* at *1.
[13] *Id.* at *2-3.
[14] *Id.* at *4.
[15] *Id.* at *5-11.
[16] *Id.* a *11.
[17] *Soares v. Cont'l Motors, Inc.*, 2022 WL 153239 (Del. Super. Ct. Jan 18, 2022).

(6)     Finding that the interlocutory opinion determined a main question of law relating to the merits of the case and assuming that it raised a legal right, the Superior Court next addressed the Rule 42(b)(iii) criteria Defendants relied upon for certification.[18]  As to Rule 42(b)(iii)(A) (question of law resolved for the first time in Delaware), the court found that the opinion applied well-settled legal principles to the facts of the case.[19]  The court concluded that the limited scope of the opinion, which did not include a complete choice-of-law analysis, did not implicate Rule 42(b)(iii)(B) (conflicting trial court decisions on question of law).[20]  As to Rule 42(b)(iii)(C) (question of law relating to constitutionality, construction, or application of statute that has not been, and should be, settled by this Court), the court found that the construction and application of the borrowing statute, 10 *Del. C.* § 8121 was well-settled.[21]  In light of the court's determination that further development of the record was necessary to decide which jurisdiction had the most significant relationship, the court held that Rule 42(b)(iii)(G) (review of the interlocutory order may terminate the litigation) did not weigh in favor of certification.[22]  The Superior Court also concluded that interlocutory review would not serve considerations of justice (Rule 42(b)(iii)(H)) because a final determination

---

[18] *Id.* at *2.
[19] *Id.* at *3.
[20] *Id.* at *4.
[21] *Id.*
[22] *Id.*

4

on choice-of-law required discovery that should not be further delayed.[23] After considering these factors, the court held that the probable costs of interlocutory review did not outweigh the benefits of certification.[24]

(7) Applications for interlocutory review are addressed to the sound discretion of the Court.[25] In the exercise of its discretion and giving due weight to the Superior Court's analysis, this Court has concluded that the application for interlocutory review does not meet the strict standards for certification under Supreme Court Rule 42(b). We agree with the Superior Court that interlocutory review is not warranted in light of the further development of the record necessary for determination of choice-of-law in this case. Exceptional circumstances that would merit interlocutory review of the Superior Court's interlocutory opinion do not exist in this case,[26] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.[27]

---

[23] *Id.* at *5.
[24] *Id.*
[25] Supr. Ct. R. 42(d)(v).
[26] Supr. Ct. R. 42(b)(ii).
[27] Supr. Ct. R. 42(b)(iii).

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice